IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERIC SOTO GUERRERO | § | |
| | § | |
| v. | § | C.A. NO. C-09-188 |
| | § | |
| DAN JOSLIN[1] | § | |

## OPINION GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. On July 31, 2009, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging the failure by the Federal Bureau of Prisons ("BOP") to credit his sentence with 177 days he spent in federal custody. (D.E. 1). Pending is Respondent's motion to expand the record and for summary judgment. (D.E. 15). Petitioner filed a response on November 19, 2009. (D.E. 19). For the reasons stated herein, it is ordered that Respondent's motion be GRANTED, and this habeas petition be DISMISSED.

### I. JURISDICTION

Section 2241 petitions must be filed in the district wherein the prisoner is incarcerated. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Petitioner is incarcerated in Live Oak County, Texas, and jurisdiction is therefore proper in this Court. 28 U.S.C. § 124(b)(6).[2]

---

[1] As the warden of the Federal Correctional Institution in Three Rivers, Texas, Dan Joslin has custody of Petitioner and is the proper respondent regarding this habeas corpus petition. Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484 (1973) (citing Wales v. Whitney, 114 U.S. 564, 574 (1885)); Mounce v. Knighten, 503 F.2d 967, 969 (5th Cir. 1974) (per curiam); West v. Louisiana, 478 F.2d 1026, 1029 n.1 (5th Cir. 1973) (citing Wales); see also Rule 2(a) of the Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody.").

[2] Both parties have consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636. (D.E. 5, 16). Accordingly, on November 3, 2009, the action was reassigned to a magistrate judge for all proceedings. (D.E. 17).

## II. BACKGROUND

On October 6, 2003, Petitioner was arrested by the Tom Green County Sheriff's Office in San Angelo, Texas and charged with manufacture/delivery of a controlled substance. (D.E. 15, at 13). This charge would later be dropped, id. at 31, but Petitioner was also wanted for a probation violation in Texas state Case No. B-99-0701-S. Id. at 13. Subsequently, Petitioner claims he was transferred to the custody of the United States Marshal Service on January 4, 2004 on a Writ of Habeas Corpus Ad Prosequendum, (D.E. 1, at 1), but Respondent asserts this occurred on January 9, 2004. (D.E. 15, at 13).

On June 10, 2004, Petitioner was convicted of possession of a firearm in the furtherance of a drug trafficking crime in United States District Court for the Northern District of Texas and sentenced to 60 months of imprisonment and five years of supervised release. Id. at 18-20. Then, on June 14, 2004, Petitioner was transferred back to Texas state custody. Id. at 13. He was convicted on July 26, 2004 in state court for violating his probation and sentenced to 60 months of imprisonment. Id. at 33. The Texas Department of Criminal Justice ("TDCJ") pre-dated Petitioner's state sentence to have commenced on September 20, 2003 and gave him credit for every day through September 19, 2008, including the time he spent in federal custody. Id. On September 19, 2008, Petitioner was again transferred to Marshal Service custody so that he could serve his federal sentence. Id. at 33, 35.

Once Petitioner began serving his federal sentence, he claims BOP credited his sentence with the time he had spent in Marshal Service custody between January 4, 2004 and June 14, 2004, but soon thereafter, added the time back to his sentence. (D.E. 1, at 2). Petitioner

incorrectly calculates this time period as 177 days, id., but it is actually 163 days.[3] As a result, Petitioner filed a grievance seeking that his federal sentence be credited with his previous stay in federal custody. (D.E. 15, at 16). That grievance was denied by the warden, and Petitioner appealed that decision to the Regional Director of BOP. Id. That appeal, too, was denied, but Petitioner did not appeal the decision to the Central Office. Id. Instead, he filed this habeas petition with the Court on July 31, 2009. (D.E. 1). His claim is based on the United States Sentencing Guidelines ("USSG") § 5G1.3, id. at 3, and he asserts he was told by Officer Hadwin in "Records" that this was "the only relief that was available to him." (D.E. 19, at 1-2).

### III. DISCUSSION

Petitioner claims that the BOP erred in not crediting his federal sentence with the time he spent in Marshal Service custody between January 4, 2004 and June 14, 2004. (D.E. 1, at 2). Respondent seeks summary judgment and dismissal of the petition on the grounds that Petitioner's claim is unexhausted and without merit. (D.E. 15).

**A.  Respondent's Motion To Expand The Record Is Granted.**

Rule 7 of the Rules Governing § 2254 Cases allows for a party in a habeas case to expand the record with "additional materials relating to the petition" as long as "the party against whom the additional materials are offered" is given "an opportunity to admit or deny their correctness." A court may apply this rule to § 2241 cases as well. Rule 1(b) of the Rules Governing § 2254 Cases; see also Ortloff v. Fleming, 88 F. App'x 715, 717 (5th Cir. 2004) (per curiam) (unpublished) (applying Rule 6 of the Rules Governing § 2254 to a § 2241 case); Boutwell v. Keating, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (citation omitted).

---

[3] If Respondent correctly asserts that Petitioner was actually transferred from state to federal custody on January 9, 2004 instead of January 4, 2004, the time period would be 158 days.

Here, Respondent has moved that the record be expanded to include documents covering Petitioner's convictions, sentencing, and custody, all of which relate to both the state and federal convictions addressed in this petition. (D.E. 15, at 1). These documents contain specific dates such as when Petitioner was arrested, convicted, and transferred between state and federal custody. They also explain every date for which he was given credit against his state sentence, which is especially relevant to the outcome of this petition. Additionally, Petitioner received these documents as attachments to Respondent's answer and motion for summary judgment, (D.E. 13, 15), and Petitioner did not dispute their contents or authenticity in his response to Respondent's motion. (D.E. 19). Accordingly, Respondent's motion to expand the record is granted and the record shall include the documents attached to Respondent's motion.

**B.      The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted). Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. Celotex Corp. v. Catrett, 477 U.S.

317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**C.    Petitioner's Claim Is Unexhausted.**

The Fifth Circuit has held that before a federal prisoner may file a § 2241 petition for habeas corpus, he "must first exhaust his administrative remedies through the [BOP]." Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (citing United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990)).  Failure to exhaust those remedies properly can lead to dismissal of a § 2241 petition.  Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam).

The BOP uses a three-level administrative remedy process by which prisoners can seek review of any aspect of incarceration.  See 28 C.F.R. § 542.10 et seq.; see also Shah v. Quinlin,

5

901 F.2d 1241, 1243 (5th Cir. 1990) (discussing BOP administrative remedy procedures). First, the inmate must present the complaint informally on a Form BP-8 to a staff member at the facility where he is housed. See 28 C.F.R. § 542.14. If the dispute cannot be resolved informally, the prisoner must initiate the formal three-tiered administrative process by filing a Form BP-9 complaint with the warden within twenty days of the incident. 28 C.F.R. § 542.14. If unsatisfied with the warden's response, he has twenty days to file an appeal with the regional director on a Form BP-10. 28 C.F.R. § 542.15(a). If he is unsatisfied with the regional director's decision, he must file an appeal on a Form BP-11 to the General Counsel within thirty days. Id. Appeal to the General Counsel is the final administrative appeal. Id. These deadlines may be extended when the inmate demonstrates a valid reason for delay. Id.

In Petitioner's case, he did not avail himself of all the BOP's administrative remedies. In his response to the motion for summary judgment, Petitioner does not dispute that he did not exhaust his administrative remedies. (D.E. 19). Instead of filing an appeal with the Central Office after the Regional Director denied his appeal, he petitioned this Court for a writ of habeas corpus because, as he claims, a prison official in the records department instructed him to file a motion pursuant to USSG § 5G1.3 and that was his only remedy. Id. at 1-2. Assuming this misstatement of law actually occurred, Petitioner is still not relieved from first exhausting his administrative remedies before proceeding on a habeas petition, reliance on the official's poor advice is no excuse, and Respondent will not be estopped from asserting the defense of failure to exhaust.[4] Accordingly, Petitioner's action is dismissed for failure to exhaust his administrative

---

[4] See Johnson v. Ford, 261 F. App'x 752 (5th Cir. 2008) (per curiam) (unpublished). In this § 1983 case, the prisoner forwent administrative remedies based on advice of prison officials and because the warden advised him his situation was being investigated, but the defendant could not be estopped from asserting the exhaustion defense. Id. at 753-54. The Fifth Circuit noted that "[a] copy of the handbook setting forth [the grievance procedure] is

remedies.

### D. Petitioner's Claim Is Without Merit.

Congress has mandated that a federal sentence should be credited for time already served in custody:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). A petitioner is not entitled to credit on his federal sentence if the time at issue has been credited toward his state sentence. See Trejo v. Warden, 238 F. App'x 12, 13 (5th Cir. 2007) (per curiam) (unpublished) (citing § 3585(b)); see also Garza v. Conner, 101 F. App'x 973, 974 (5th Cir. 2004) (per curiam) (unpublished) ("Garza is not entitled to credit toward his federal sentence for time served on his state sentences because he received credit on his state sentences until he was released into federal custody.").

Here, Petitioner's federal sentence commenced on September 19, 2008 when he was transferred from state to federal custody for the final time. If not for his sentence in Texas state prison and TDCJ's respective calculation thereof, his federal sentence would have been credited for the time he spent in Marshal Service custody while he awaited his federal trial and sentencing

---

provided to offenders upon entering the Texas Department of Criminal Justice." Id. at 756. The prisoner's belief that he did not have to file a grievance was "unfounded." Id.

– from as early as January 4, 2004 to June 14, 2004.  However, pursuant to § 3585(b), none of that time period was credited against his federal sentence because it had already been credited to his state sentence.  TDCJ commenced Petitioner's 60-month state sentence on September 20, 2003 and ended it on September 19, 2008.  This time frame measures precisely at 60 months, thereby crediting the time Petitioner spent in Marshal Service custody during 2004 toward his state sentence.

Petitioner's assertion in his response to Respondent's motion that his state and federal sentences were to run concurrently is false.  Moreover, his claim that Respondent acknowledged as much in his motion is also false.  Petitioner's federal sentence gives no instruction for his sentence to run concurrently with his state sentence and Respondent does not argue that it should.  (D.E. 15, at 1-11, 18-20).  Accordingly, Petitioner's claim is without merit.

## IV.  CONCLUSION

Based on the foregoing, Respondent's motion to expand the record and for summary judgment, (D.E. 15), is granted, and this habeas petition is dismissed.

Ordered this 9th day of December 2009.

_____
BRIAN  L.  OWSLEY
UNITED STATES MAGISTRATE JUDGE

8